UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARIO RODRIGUEZ,

Plaintiff,

- against -

MIDDLE TOWN FRIED CHICKEN & GYRO INC., d/b/a Middletown Fried Chicken (MFC) Gyro & Grill Halal, and MUHAMMAD MUNIR,

Defendants.
------------------------------------------------------------x

**ORDER ON MOTION TO DISMISS**

No. 25-CV-8800 (CS)

## I. **BACKGROUND**

Plaintiff initiated this action by filing his complaint on October 23, 2025. (ECF No. 1.) On December 21, 2025, Defendants filed their Answer. (ECF No. 12.) The Court held an initial conference on March 17, 2026, (*see* Minute Entry dated Mar. 17, 2026), and entered a scheduling order, (ECF No. 18).

On July 3, 2026, Defendants emailed the Court a letter regarding a discovery dispute, which the Court directed Defendants to file on the docket. (ECF No. 22.) The Court scheduled a conference for July 9, 2026 regarding the dispute and ordered Plaintiff to respond by July 8, 2026. (*Id.*)

Defendants' letter stated that Plaintiff had not responded to document requests and interrogatories served on April 3, 2026, despite several communications with Plaintiff's counsel and three courtesy extensions, because Plaintiff's counsel had been unable to reach him. (ECF No. 23.) Defendants also noted they had noticed Plaintiff's deposition for July 28, 2026, in light of the deposition cutoff of July 31, 2026, but could not prepare for a deposition without the requested discovery. (*Id.*) Defendants sought an order compelling Plaintiff's responses to

Defendants' discovery requests and/or permission to file a motion to dismiss with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. (*Id.*)

On July 8, 2026, Plaintiff's counsel filed a letter stating that he had been unable to reach his client "for the past several weeks, despite numerous attempts." (ECF No. 26.) Plaintiff's counsel requested that the Court set a deadline by which counsel could withdraw if unable to resume contact with Plaintiff, but opined that immediate dismissal would be premature. (*Id.*)

At the July 9, 2026 hearing, Plaintiff's counsel stated that he had not been able to reach his client for a few months and that he would have to move to be relieved.[1] The Court ruled that if Plaintiff did not communicate with counsel by August 10, 2026, the Court would deem the parties' letters as a motion to dismiss and opposition, and warned that the case might be dismissed for failure to prosecute under Rule 41. (Minute Entry dated July 9, 2026.) It issued an order to that effect the same day. (ECF No. 27.)

On August 11, 2026, Defendants notified the Court that Plaintiff had not provided any documents or otherwise communicated with Defendants and requested dismissal for failure to prosecute. (ECF No. 30.)

## II. <u>DISCUSSION</u>

"Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Farion v. Ezzo*, No. 19-CV-5477, 2020 WL 5578294, at *1 (S.D.N.Y. Sep. 17, 2020).[2] "Although dismissal is a harsh remedy that should be utilized only in extreme situations, the authority to invoke it for failure to prosecute is

---

[1] These statements are reflected in the Court's law clerk's notes of the conference.

[2] Unless otherwise indicated, all case quotations omit internal citations, quotation marks, alterations and footnotes.

vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Caussade v. U.S.*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013).

Before dismissing a case under Rule 41(b), the district court must weigh five factors, including (1) whether "the plaintiff's failure to prosecute caused a delay of significant duration," (2) whether "plaintiff was given notice that further delay would result in dismissal," (3) whether "defendant was likely to be prejudiced by further delay," (4) "the need to alleviate court calendar congestion. . . balanced against plaintiff's right to an opportunity for a day in court," and (5) "the efficacy of lesser sanctions." *Pitt v. City of N.Y.*, No. 15-CV-6657, 2016 WL 8193566, at *1 (E.D.N.Y. Sep. 19, 2016), *report and recommendation adopted*, 2017 WL 455408 (E.D.N.Y. Feb. 2, 2017); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "No single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (*per curiam*).

Weighing these factors, the Court finds that circumstances are sufficiently extreme to warrant dismissal.

The first factor considers "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004). "Although there is no bright line, courts have found delays of a few months sufficient for dismissal." *Rodriguez v. T & S Wholesale Dry Cleaning Inc.*, No. 17-CV-531, 2021 WL 7449183, at *3 (E.D.N.Y. Feb. 3, 2021); *see Caussade*, 293 F.R.D. at 629-30 (citing cases dismissed for failure to prosecute after delays of several months). But "[c]ourts dismiss after shorter delays when the plaintiff becomes completely inaccessible or fails to prosecute h[is] case entirely." *Rodriguez*, 2021 WL 7449183, at *3; *see Dong v. U.S.*, No. 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (dismissing for

failure to prosecute where plaintiff was inaccessible for two months without notifying the court, the Government, or the Pro Se Office of a change of address); *Garcia v. City of N.Y.*, No. 14-CV-4160, 2016 WL 1275621, at *3 (E.D.N.Y. Mar. 31, 2016) (finding that failure to respond to the court's order standing alone, no matter the length of time of delay, was sufficient to warrant dismissal because plaintiffs were unreachable).

Plaintiff's unresponsiveness to his counsel, his failure to comply with his court-ordered discovery obligations, and his failure to contact counsel by August 10 all weigh in favor of dismissal. Plaintiff has failed to respond to discovery requests beginning in May 2026 and has been unreachable for several months. (*See* ECF Nos. 23, 26, 27.) The failure to prosecute is "entirely attributable" to Plaintiff's unresponsiveness. *Bilal v. City of N.Y.*, No. 17-CV-4498, 2020 WL 1698600, at *3 (E.D.N.Y. Apr. 8, 2020). Plaintiff's counsel was unable to prepare responses to Defendants' discovery requests due to Plaintiff's unreachability, which has halted the case's progression. Delay for even a shorter duration than the few months at issue here is sufficiently significant where Plaintiff has been "completely inaccessible" because inaccessibility "strongly suggests that plaintiff is not diligently pursuing his claim." *Caussade*, 293 F.R.D. at 630 (dismissal is appropriate for shorter delays when a party is unreachable); *Pitt*, 2016 WL 8193566, at *2 (first factor weighs in favor of dismissal where "Plaintiff's failure to maintain contact with his counsel for months has made prosecuting [his] case impossible"). Thus, this factor weighs in favor of dismissal.

Second, the Court gave notice, via the July 9, 2026 order, that failure to comply could result in dismissal. (ECF No. 27.) Although it is unlikely, given Plaintiff's failure to stay in touch, that he received this "express notice that further delays would result in dismissal," *Martens v. Thomann*, 273 F. 3d 159, 181 (2d Cir. 2001), "courts in this circuit regularly dismiss

cases for failure to prosecute without notice where the plaintiffs are unreachable." *Garcia*, 2016 WL 1275621, at *3; *see Giles v. Cabra*, No. 18-CV-3125, 2020 WL 869939, at *3 (E.D.N.Y. Jan. 24, 2020) (second factor weighs in favor of dismissal where plaintiff is unreachable and court issued one warning that failure to respond would result in dismissal for failure to prosecute), *report and recommendation adopted*, 2020 WL 868595 (E.D.N.Y. Feb. 20, 2020). Because "Plaintiff's inability to receive notice of the proceedings is of his own doing" and "any further attempt to warn him would be futile," "[t]he second factor also favors dismissal for failure to prosecute." *See Giles*, 2020 WL 869939, at *3.

Third, "[w]here a plaintiff has become inaccessible for months at a time, courts presume prejudice." *Caussade*, 293 F.R.D. at 630. Moreover, it is clear that Defendants have already been prejudiced, as Plaintiff's failure to communicate with his counsel has interfered with discovery, halted the progression of the case, and caused Defendants to expend resources on conferences and communications relating to Plaintiff's lack of responsiveness. *See Weir v. C&B Delivery LLC*, No. 23-CV-9097, 2024 WL 3823432, at *5 (E.D.N.Y. Aug. 13, 2024) (finding prejudice where, among other things, defendants attended two hearings related to plaintiff's disappearance and likely received inadequate or no discovery); *Pitt*, 2016 WL 8193566, at *2-3 (finding defendants were prejudiced where plaintiff had been unresponsive for months, faced numerous discovery deadlines, and case had not moved forward). As such, this factor weighs in favor of dismissal.

The fourth factor – balancing the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard – likewise weighs in favor of dismissal. In assessing this factor, courts consider "whether a litigant has been given an opportunity to be heard on the issue of failure to prosecute" and "plaintiff's interest in prosecuting h[is] case."

*Vidales v. Sergio's on the Blvd Pizzeria, Inc.*, No. 19-CV-1840, 2021 WL 3742765, at *4 (E.D.N.Y. Aug. 5, 2021), *report and recommendation adopted*, 2021 WL 3741537 (E.D.N.Y. Aug. 24, 2021). "[W]here Plaintiff is unreachable, the Court should not hesitate to find that the need to alleviate docket congestion outweighs Plaintiff's right to be heard." *Pitt*, 2016 WL 8193566, at *3. "[I]t is not an efficient use of the Court's resources to permit this case to languish on the docket in the hope that [Plaintiff] will reappear in the future." *Blake v. Payane*, No. 08-CV-930, 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2011). As such, "dismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by plaintiff." *Weir*, 2024 WL 3823432, at *5. As noted, Plaintiff's "inaccessibility strongly suggests that [he] is not diligently pursuing his claim." *Caussade*, 293 F.R.D. at 630. Therefore, this factor also weighs in favor of dismissal.

Fifth, there is no appropriate lesser sanction. "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Id.* at 631. "Courts consistently find that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted because the plaintiff would be unaware of any lesser sanction that could be imposed." *Garcia*, 2016 WL 1275621, at *4. It has been more than a month since the Court warned of possible dismissal if Plaintiff did not reinitiate communication with counsel. (ECF No. 27.) Because Plaintiff is unreachable and failed to comply with the Court's order, dismissal is the appropriate sanction. *See Weir*, 2024 WL 3823432, at *5 (fifth factor militates in favor of dismissal because where plaintiff is unreachable and the only potential lesser sanctions of warnings and extensions of time had already been pursued).

Because "dismissal with prejudice is a harsh remedy to be utilized only in extreme situations . . . a district court should generally dismiss for failure to prosecute without prejudice." *Pulatani v. Balkan Bulgarian Airlines*, No. 95-CV-10538, 1996 WL 631695, at *1 (S.D.N.Y. Oct. 31, 1996); *see Toro v. Lindenwood, Inc.*, No. 22-CV-8357, 2023 WL 2919092, at *1 (S.D.N.Y. Apr. 12, 2023) ("Dismissal without prejudice appropriately strikes a balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard."); *Wingate v. Ctr.*, No. 12-CV-2134, 2014 WL 3346319, at *1 (S.D.N.Y. July 1, 2014) ("Dismissal without prejudice, rather than dismissal with prejudice, is proper because courts considering dismissal for failure to prosecute pursuant to Rule 41(b) must consider the efficacy of lesser sanctions."). Accordingly, the case is dismissed without prejudice.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the case is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 23), and close the case.

**SO ORDERED.**

Dated: August 21, 2026
White Plains, New York

Cathy Seibel

CATHY SEIBEL, U.S.D.J.